## Brodie v. Haswell, etc.

(Decided October 21, 1914.)

### Appeal from Breckinridge Circuit Court.

Elections—Duty of Candidate to File His Own Certificate of Nomination.—It is the duty of the candidate to file his own certificate of nomination with the proper officer; and if another agrees voluntarily to file the certificate for him, and by a mistake fails to do so, no action lies against such person to recover damages for the mistake.

CLAUDE MERCER for appellant.

H. DeH. MOORMAN and GUS BROWN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

In the year 1909, the Republican party nominated its candidates for county offices in Breckinridge County by a convention held at the county seat. John P. Haswell was chairman of the convention, and A. R. Kincheloe was secretary. J. C. Brodie was a candidate for the office of circuit court clerk, and was nominated by the convention. After the convention had been held, a certificate was preparel which was signed by the chairman and secretary, giving the names of the nominees for the several county offices, and this certificate was filed with the county court clerk. Brodie canvassed the county, and on October 19, it was discovered that by a mistake his name as the nominee for circuit court clerk had been

omitted from the certificate. The chairman and secretary of the convention, when the mistake was discovered, offered to file with the county court clerk an amended certificate curing the defect, but the clerk refused to receive it as the time for filing a certificate was passed. Brodie thereupon brought a suit against the clerk, and on appeal to this court, the action of the clerk was sustained. (See Brodie v. Hook, 135 Ky., 87.) Brodie thus lost the opportunity of being voted for at the election and all the other candidates of the Republican party, whose names had been properly certified, were elected. On September 19, 1913, Brodie brought this suit against Haswell and Kincheloe, the chairman and secretary of the convention, in which he alleged the facts we have stated and also alleged that the failure to certify his name as the Republican nominee of the convention in the certificate filed with the county clerk, was by reason of the gross carelessness and negligence of the defendants, Haswell and Kincheloe, and that if his name had been so certified he would have been elected as the remainder of the Republican ticket at that election was; and, thus he had lost the profits of the office, reasonably worth $4,800; that he had no knowledge of their failure until the nineteenth day of October, 1909, and it was then too late to file a certificate. The defendants demurred to the petition, and the plaintiff thereupon filed an amended petition in which he averred that it was the defendants' duty under the law then in force to certify his nomination, and that he was informed by them that they had prepared and certified his nomination to the proper officer; and relying upon such information, he believed his said nomination had been so certified until October 19; that the defendants and each of them believed his name had been certified until it was discovered to the contrary, at the time the clerk refused to have his name printed on the ballots. The circuit court sustained a demurrer to the petition as amended and dismissed the action. The plaintiff appeals.

Section 1453, Kentucky Statutes, provides:

"The county clerk of each county shall cause to be printed on the respective ballots the names of the candidates nominated by the convention or primary election of any party that cast two per cent. of the total vote of the State at the last preceding general election, as certified to the said clerk by the presiding officer and secretary of said convention, or in the case of a primary elec-

tion by the secretary and chairman of any district committee. * * * In the event two or more persons who have filed certificates of nomination with the said Secretary of State or county clerk shall claim to be the nominee of the same political party the governing authority of said political party shall designate, in writing, to said Secretary of State and county clerk, which of said candidates shall be entitled to the party emblem. * * *''

Section 1457, Kentucky Statutes, provides:

''Not less than twenty days before the election of such officers as are required to file their certificate of nomination with the Secretary of State said Secretary of State shall certify to the respective county court clerks of the various counties which are entitled under the law to participate in the election of the respective candidates, the name and place of residence of each candidate for each respective office, as specified in the certificates and petitions of nomination filed with him.''

It will be observed that the first clause quoted from section 1453, Kentucky Statutes, does not define who shall file the certificate of nomination, but that it is contemplated that the candidate must file his own certificate of nomination is made clear by the language used in the second clause quoted; for it uses the words ''in the event two or more persons who have filed certificates of nomination,'' and this meaning is brought out still more clearly in section 1457, where the language is ''such officers as are required to file their certificate of nomination.'' Taking the statute as a whole we conclude it requires the candidate to file his certificate of nomination (see Brodie v. Hook, 135 Ky., 89), and if the chairman and secretary of the convention undertook to file Brodie's certificate of nomination, they were merely his agents in what they did, acting voluntarily and as an accommodation to him. The petition does not show any consideration for an agreement on their part to file the certificate for him; it does not charge fraud or bad faith; taken as a whole it simply shows that a mistake was made inadvertently by which Brodie's name was accidentally left out of the certificate. The law placing the burden of filing the certificate upon Brodie, it was incumbent on him to see that his certificate was properly filed; and though Haswell and Kincheloe voluntarily agreed to file his certificate for him, and attempted to do so, it was still incumbent on him to see that a proper

certificate had been filed. The primary duty resting upon him, he can not complain that his friends, who acted voluntarily for him, did not sooner discover a mistake which he himself did not discover.

Judgment affirmed.