## James v. Buster.

(Decided May 23, 1930.)

ERROL W. DRAFFEN and LOUIS J. TOOMBS for appellant.

E. H. GAITHER, R. E. GRAVES, EMMETT PURYEAR and R. W. KEENON for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

At the August, 1929, primary election, the appellant and contestant below, F. P. James, received the highest number of votes for the Republican nomination for the office of sheriff of Mercer county. The county board of election commissioners, after canvassing and tabulating the vote cast in the primary election, issued and delivered to appellant a certificate of nomination, but neither he, nor any one for him, filed it with the county court clerk of the county within the time required by law.

A few days before the general election, but before the ballots had been printed, the Republican county executive committee met and nominated appellant to fill the vacancy caused by his failure to file his certificate of nomination, and his name was certified to the clerk of the county court, who caused it to be printed on the ballot under the emblem of the Republican party as that party's candidate for sheriff of Mercer county.

The appellee and contestee below, John S. Buster, received the highest number of votes in the primary for the Democratic nomination for the office of sheriff of Mercer county. The election commissioners made out a certificate certifying to his nomination, signed it, and left it in a book in the office of the clerk of the Mercer

county court. They also signed two blank forms which were left in the same book. It appears that it was customary for the clerk to fill out the blank forms to correspond to the original certificate and to deliver one to the candidate when he called for it. Appellee's name was printed on the ballot as the Democratic candidate for the office of sheriff and at the election he received 3,159 votes and appellant received 2,260 votes. The election commissioners issued to appellee a certificate of election.

In due time after the canvass of the November election by the board of election commissioners, appellant instituted this contest against appellee, alleging the number of votes he received, all of which he averred were valid, and that contestee's name was wrongfully printed on the ballot for the regular election without any authority on the part of the county court clerk to do so, and that all the votes he received were null and void. He alleged that the contestee failed to file his certificate of nomination as the Democratic candidate for sheriff of Mercer county within the time prescribed by law, which was 45 days before the regular November election to be held on the 5th day of November, 1929; that the contestee did not file his certificate of nomination until the 7th day of October 1929, which was less than the requisite 45 days before the regular November election, and that, by reason of his failure to file his certificate of nomination 45 days before the regular November election, the action of the county clerk in causing his name to be placed upon the ballot under the Democratic device was void, and that consequently he received no legal votes for the office of sheriff.

The grounds of his contest were denied in the answer, which was also made a counter contest. Contestee alleged that the certificate of nomination issued to him by the county board of election commissioners was signed by the members of the board and left with the county clerk and remained in his office and possession from the day of its issuance until the November election, and was in the possession of the clerk continuously during that time; that more than 45 days before the regular November election he went to the office of the county clerk who had possession of the certificate and requested that the certificate be filed, and that the clerk informed him that it should be filed 15 days before the regular November election, and that he left the certificate in the possession of the clerk to be filed as required by law. As grounds of

counter contest, he alleged that appellant had not been nominated by a properly elected Republican executive committee, and that the meeting of the Republican executive committee which attempted to nominate him was not properly called. Appropriate pleadings completed the issues, and upon the submission of the case the lower court entered a judgment dismissing the contestant's petition, and he has appealed.

In 1892 the General Assembly passed a general election law, in which it provided for the filing of certificates and petitions of nomination before election. Acts 1891-92-93, c. 65, p. 106. Section 11 of article 3 of the act provided that "certificates and petitions of nomination herein directed to be filed with the clerk of a county shall be filed not more than sixty and not less than fifteen days before election." This section became section 1456 of the Kentucky Statutes, and was so numbered in Carroll's 1909 edition of the statutes. In 1912 the Primary Election Law was passed. Acts 1912, c. 7, p. 47. Section 26 of that act as amended in 1914 (Acts 1914, c. 83, pp. 399, 422) became section 1550-26 of Carroll's Kentucky Statutes, and reads in part:

"On the third day after the close of any primary nominating election the county election commissioners of each county shall proceed to canvass the returns of said primary election and tabulate the same. The tabulation of votes for all offices for which the nomination papers are required to be filed in the county court clerk's office shall be on another separate sheet of paper for each political party and shall be filed in the county court clerk's office immediately after the canvass of the returns and tabution of the votes by said election commissioners; and certificates of nomination shall immediately issue to the persons receiving the greatest number of votes for the offices for which they were candidates. And said certificate shall not less than fifteen days next before the day on which the general November election is held, be filed with the county clerk."

In 1918 (Acts 1918, c. 37) the General Assembly passed an act known as the Absent Voters Act, which amended section 1456 of the Statutes by increasing the minimum time for filing certificates of nomination with the county clerk from 15 days to 45 days. In Clark v.

Nash, 192 Ky. 594, 234 S. W. 1, 19 A. L. R. 304, the Absent Voters Law was held invalid as to its provisions for voting by absentees.

It is contended for appellee that the Acts of 1912 and 1914 providing for the nomination of candidates by political parties at primary elections marked a change of policy on the part of the state of Kentucky, and had the effect of repealing section 1456 which related to filing party primary and party convention certificates of nomination, and that since their enactment section 1456 has stood repealed, and could not be amended or re-enacted in the manner attempted by the 1918 act; but that, if this is not true, then the effect of the holding that the Absent Voters Law, in so far as it provided for voting by absentees, was invalid, was to leave section 1456 unchanged and unamended and the minimum of 15 days for filing certificates of nomination in force.

It is argued that the sole purpose of the Legislature in amending section 1456 by the 1918 act was to make effective the Absent Voters Act, and that the Legislature would not have amended the statute and increased the minimum time for filing certificates of nomination from 15 days to 45 days before the election except for the purpose of making the Absent Voters Act workable, and, when the Absent Voters Act failed, the attempted amendment of section 1456 also failed, because it was an inconsequential provision intended solely to aid in the administration of the whole act, and the Legislature did not contemplate the operation of this inconsequential provision, if the main portion of the act should be declared inoperative. Neutzel v. Williams, 191 Ky. 351, 230 S. W. 942, and other similar cases are cited in support of this contention.

It is conceded by counsel for appellee that this court in Schnabel v. Sutton, 213 Ky. 116, 280 S. W. 488, 489; Morgan v. Revis, 215 Ky. 30, 284 S. W. 111; Lewis v. Mosely, 215 Ky. 573, 286 S. W. 793; Combs v. Dixon, 215 Ky. 566, 286 S. W. 797; and Baker v. Marcum, 216 Ky. 210, 287 S. W. 696, has treated section 1456 as requiring a minimum of 45 days before the election for filing certificates of nomination with the county clerk, but it is insisted that the question as to the validity of the 1918 amendment was not presented in either of those cases.

The question raised by counsel for appellee is an interesting one, but we deem it unnecessary to determine it, in view of our conclusion that appellee filed his

certificate of nomination with the county clerk more than 45 days before the election, in substantial compliance with the law, conceding for the purposes of this opinion that the minimum time required is 45 days.

Appellee testified that on or before the 16th day of September, which was more than 45 days before the election, he went to the county clerk's office for the purpose of obtaining and filing his certificate of nomination. He found the clerk in the vault of the office, in conversation with the county judge, Hon. Ben C. Allin. The certificate was then in the book in which it had been left by the election commissioners and in the possession of the clerk. He told the clerk that he wanted to get and file his certificate, and the clerk replied that "there was no necessity, that 15 days prior to the election would be sufficient." The appellee gave the matter no further attention until October 7, which was more than 15 days, but less than 45 days, before the election, when he went to the clerk's office to ascertain whether or not the certificate had been indorsed "filed." He learned that it had not been so indorsed and Miss Menaugh, the deputy clerk, handed him the certificate, and told him to hand it back to her, which he did. She then indorsed thereon, "Filed October 7, 1929." It was not necessary for the appellee to have manual possession of the certificate. It was in the clerk's possession, and all that was required of appellee was to request the clerk to file it. This he did in effect in September. Even this requirement, where the certificate is in the possession of the clerk, is highly technical, and, when the clerk has received a communication from the candidate entitled to the certificate that he desires it to be filed, the technical requirement has been sufficiently complied with. The testimony of appellee as to what occurred when he went to the clerk's office in September, 1929, is uncontradicted, though the clerk and Judge Allin state they do not remember the conversation related by appellee. However, they do not deny that it occurred. They both admit that they were in the vault in the clerk's office, and that some one came in the vault while they were engaged in conversation, and that they had been discussing the law governing the filing of nomination certificates. Judge Allin had stated to the clerk that he was of the opinion they should be filed 45 days before the election, but the clerk examined the statute, and concluded that 15 days before the election was the minimum time required.

The facts in this case are very similar to the facts in Schnabel v. Sutton, supra. In that case the candidate went to the clerk's office for the purpose of filing the certificate of nomination. He presented his certificate, and the clerk said: "I don't see any use of you filing these certificates of nomination; we will have two duplicates of that in this office. Some of them in the office have never been torn out and I don't think it will be necessary for you to file them." Sutton left the office with his certificate which was not indorsed "filed." His election was contested on the ground that he failed to file his certificate 45 days before the election, and therefore forfeited his nomination. In holding that Sutton had substantially complied with the law relating to filing certificates of nomination, we said:

"The clerk is not required to make any record of his filing, except the indorsement upon the certificate itself, and we have held that, if he receives the certificate from the candidate, this is sufficient; and the candidate is not required to see that he indorses the word 'filed' upon it, though he might mandamus the clerk to so indorse the certificate and to place his name upon the ballot. See Daniel v. Blankenship (177 Ky. 726, 198 S. W. 48), supra. Further, it must not be overlooked that duplicate certificates are also evidence of party nominations, and that while, perhaps, the clerk is not the legal custodian of the records of the election commissioners and is not chargeable with notice of their contents, still if he does take actual possession of the certificates and so informs the candidate, and for that reason declines to accept and file a certificate that is duly presented to him within the proper time by the latter, assuring him that he will, from the evidence in his possession, print his name upon the ballot, and actually does so, this should be sufficient. If (under such circumstances) the clerk fails to print his name upon the ballots, he may mandamus him to do so, and, as ancillary thereto, require proper filing of the certificate, but a mandamus would hardly lie while the clerk was doing the thing he sought, and which, in this case, was the proper thing for him to do. Also we should bear in mind that party nominations are matters of general concern, and that the popular will, as manifested in

such nominations, is entitled to consideration. If the candidate has been legally nominated, he is the representative of his party; and, while the law is mandatory as to the time in which he may file his certificate, it should be liberally construed as to the manner of filing, as it would be manifestly unjust to deprive a party of its legal nominee by a trivial error occurring at the time of filing the certificate. It follows that appellee's name was properly placed upon the ballot, and the votes received by him are not vitiated in any respect by the action of the clerk in the premises.''

This case cannot be distinguished from the Sutton case, and on the authority of that case we are of the opinion that appellee substantially complied with the statute requiring the filing of the certificate. The clerk had his certificate in his possession, and received notice more than 45 days before the election that appellee desired to file it. The appellee had done all that was required of him, and his act amounted to a filing in law.

Wherefore the judgment is affirmed.

Whole court sitting, except Judge LOGAN, who was absent.