## Hall v. Combs.

### (Decided Feb. 13, 1934.)

J. B. EVERSOLE for appellant.
C. A. NOBLE for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

At the regular election held on November 7, 1933, Billy Combs and Bob Hall were candidates for coroner of Perry county. Combs received a majority of the votes, and was awarded the certificate of election. In due time Hall brought this suit contesting Combs' election. A demurrer was sustained to the petition, and the petition was dismissed. Hall appeals.

The sole ground of contest is that Combs did not file his certificate of nomination with the county clerk 45 days before the election, and therefore the votes which he received cannot be counted. Under the act of 1912, as amended by the act of 1914, the time for filing certificates of nomination with the county clerk was not less than 15 days next before the day of the next general November election, and the time for filing certificates of nomination required to be filed with the secretary of state was not less than 30 days next before the day of the general November election. Acts 1912, c. 7, p. 47, Acts 1914, c. 83, p. 399, section 1550-26, Kentucky

Statutes. By the act of 1918 it was provided that certificates of nomination required to be filed with the secretary of state, as well as those required to be filed with the county clerk, should be filed not more than 75, and not less than 45, days before the election. Acts 1918, c. 37, p. 106, Kentucky Statutes, sec. 1456. Thus the law stood until the year 1930, when the Legislature passed "An Act to amend sections 1550-26 and 1550-28 of Carroll's Kentucky Statutes, 1922 Edition, relating to elections, canvassing returns thereof and procedure in contest thereof." Acts 1930, c. 50, p. 153, sections 1550-26 and 1550-28, Kentucky Statutes, Baldwin's 1933 Supplement. By this act certain changes not material to this controversy were made in section 1550-26, Kentucky Statutes 1922 and 1930, and the section was re-enacted. As re-enacted, it provides that certificates of nomination shall be filed with the county clerk not less than 15 days, and with the secretary of state not less than 30 days, before the day of the general election. This being the latest expression of the legislative will, we think it clear that the General Assembly intended by the amendment of 1930 to change the time for filing nomination papers as provided in the amendment of 1918, and restore the time theretofore fixed by the act of 1912 as amended by the act of 1914, and in effect until the passage of the amendment of 1918. As the 45-day limit for filing petitions of nomination is no longer in force, and Combs' petition was filed with the county clerk not less than 15 days next before the day of the general November election, as fixed by the amendment of 1930, it follows that the petition did not state a ground of contest, and that the demurrer thereto was properly sustained.

Judgment affirmed.