## Revis v. Keen, Clerk, et al.

(Decided Oct. 26, 1937.)

J. H. ASHER for appellant.

S. E. DUFF and PAUL GROSS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, G. W. Revis, was the successful candidate in the Republican primary election held in August, 1937, for nomination for the office of sheriff of Leslie county, and he was issued a certificate of nomination by the board of election commissioners. On October 16, 1937, 17 days before the general election to be held November 2, 1937, the appellees C. B. Duff and Sim Morris filed with the county clerk of Leslie county their petitions of nomination for the office of sheriff as Independent candidates. Each petition was signed by the number of electors required by section 1453, Kentucky Statutes. G. W. Revis brought this action to enjoin the county clerk from causing the names of Duff and Morris to be printed upon the official ballots as Independent candidates for the office of sheriff on the ground that their petitions were not filed in time. A demurrer to the petition was sustained, and, from a judgment dismissing his petition, the plaintiff has appealed. The sole question presented is whether or not a petition of nomination of an Independent candidate for county office shall be filed in not less than 45 days before the election.

Appellant relies upon section 1456 of the Kentucky Statutes (1915), which provides that "certificates and petitions of nomination herein directed to be filed with the clerk of a county shall be filed not more than seventy-five and not less than forty-five days before election." This section was first enacted in 1892 (Acts 1891-92-93, c. 65, art. 3, sec. 11), and provided that "cer-

tificates and petitions of nomination herein directed to be filed with the clerk of a county shall be filed not more than sixty and not less than fifteen days before election.'' It so remained until 1918 when it was amended by chapter 37 of the Acts of 1918, known as the Absent Voters Act, by increasing the minimum time for filing certificates of nomination with the county clerk from 15 days to 45 days. In 1912 the Primary Election Law was enacted (Acts 1912, c. 7), and section 26 of that act, as amended by Acts 1914, c. 83, which became section 1550-26 of Carroll's Kentucky Statutes (1930), provided that certificates of nomination issued to the successful candidates in the primary election should be filed with the county clerk not less than 15 days before the general November election. This provision was in harmony with the provisions in section 1456 of the Statutes relative to the time for filing certificates of nomination. The amendment to section 1456 adopted in 1918, if valid, no doubt repealed the provision in the Primary Election Law as to the time for filing certificates of nomination. Section 1550-26 was amended and re-enacted in 1930 (Acts 1930, ch. 50, Ky. Stats. 1936, sec. 1550-26) and, as re-enacted, contained the provision that certificates of nomination required to be filed in the office of the county clerk should be filed not less than 15 days before the general election, and since that time 15 days has been the minimum time for filing certificates of nomination.

Appellant insists that section 1550-26 of the Statutes applies only to certificates of nomination issued after a primary election and not to petitions of noimnation, and that the minimum time for filing the latter is still governed by section 1456 of the Statutes. In James v. Buster, 234 Ky. 462, 28 S. W. (2d) 501, the query was raised as to whether or not the act of 1918, amending section 1456 by increasing the minimum time for filing certificates of nomination with the county clerk from 15 days to 45 days, did not fall when the act, in so far as it provided for voting by absentees, was declared invalid in Clark v. Nash, 192 Ky. 594, 234 S. W. 1, 19 A. L. R. 304, thus leaving section 1456 unchanged and the minimum time of 15 days for filing petitions of nomination in force. Be that as it may, in Bargo v. Tedders, 254 Ky. 341, 71 S. W. (2d) 660, it was expressly held that the minimum time for filing petitions of nomination in the county clerk's office is 15 days. In that case Ted-

ders filed a petition as an Independent candidate for the office of county clerk on September 22, 1933, less than 45 days but more than 15 days before the election. In the opinion in the Bargo Case, Hall v. Combs, 252 Ky. 778, 68 S. W. (2d) 401, was cited. In Hall v. Combs, supra, the court was dealing with a certificate of nomination, but the opinion did state that the 45-day limit for filing petitions of nomination was no longer in force.

In view of the fact that appellees, and no doubt many other candidates for office throughout the state, have relied upon the opinion in Bargo v. Tedders, supra, and have prepared and filed their petitions of nomination in accordance therewith, we are not disposed to overrule that case. The judgment is therefore affirmed.

Whole court sitting.