## Justice v. Justice.

(Decided May 2, 1919.)

## Appeal from Pike Circuit Court.

1.  Elections—Appeal Bond—Sufficiency.—Under Kentucky Statutes, section 1596a, subsection 12, providing that either party may appeal from the judgment by giving bond "to the clerk of the circuit court with good surety," etc., an appeal bond executed to the appellee is sufficient.
2.  Elections—Primary—Filing Certificates of Nomination—Necessity.—Kentucky Statutes, section 1456, requiring certificates of nomination to be filed with the county clerk not less than fifteen days before the election, is mandatory, and where a nominee fails to comply with the statute, the clerk of the county court has no authority to place his name on the ballot.
3.  Elections—Votes—Counting Ballots.—Votes cast for a candidate not legally on the ballot cannot be counted, and a candidate who received a majority of the legal votes cast should be declared elected.

STRATTON & STEPHENSON for appellant.

O. A. STUMP and W. W. REYNOLDS for appellee.


OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Granting the petition for rehearing and reversing.

In our former opinion we held that the appeal should be dismissed because of appellant's failure to execute the supersedeas bond required by subsection 12, sec. 1596a, Kentucky Statutes (inadvertently referred to as subsection 28, sec. 1550). Upon a re-examination of the record we find that appellant did execute a bond to appellee with good surety, conditioned for the payment of all costs and damages that appellee might sustain by reason of the appeal. While the statute requires that the bond be executed "to the clerk," we held in the recent case of Felts v. Edwards, 181 Ky. 287, 204 S. W. 145, that the word "to" in the statute was inadvertently used for the word "before," and that a bond executed to the appellee was sufficient. It follows that we were in error in dismissing the appeal because a proper appeal bond had not been executed.

Considering the case on its merits, we find that appellee failed to file with the clerk of the Pike county court his certificate of nomination fifteen days before the regular election. The statute requiring this to be done is mandatory, and where a nominee fails to comply with the statute, the clerk of the county court has no authority to place his name on the ballot. Sec. 1456, Kentucky Statutes; Brody v. Hook, 121 S. W. 879; Daniels v. Blankenship, 198 S. W. 48; King v. MacMahan, 179 Ky. 536, 200 S. W. 956. Though appellee received a greater number of votes than appellant, the votes cast for appellee cannot be counted since his name was not lawfully on the ballot. It therefore follows that appellant, who received a majority of the legal votes cast, should have been declared elected. King v. MacMahan, *supra*.

Wherefore, the petition for rehearing is granted, the former opinion withdrawn, and the judgment reversed and the cause remanded for proceedings consistent with this opinion.