---

## Hewlett v. Carter, et al.

(Decided March 24, 1922.)

### Appeal from Lawrence Circuit Court.

1. Elections—Contest—Pleading.—An action filed in time, and practiced as an election contest proceeding, will be treated as such though the pleading is styled "petition in equity" instead of "petition," and the parties are designated as "plaintiff" and "defendant," since such formal defects will not be allowed to defeat the intent, purpose and substance of the remedy.

2. Elections—Contest—Pleading.—In proceedings contesting an election no additional grounds may be relied on by amendment other than those stated in the initial pleading and where in that pleading the ground of contest was a failure to file the nominating certificate with the proper officer in time to authorize the printing of the name of the candidate on the official ballot (which is in effect saying that a certificate was filed) an amendment withdrawing that ground and alleging in effect that no certificate was ever filed was improper and the latter ground can not be considered.

3. Elections—Defective Certificate—Printing Name on Ballot.—There is a distinction between the effect of printing the name of a candidate on the official ballot without any semblance of authority to do so, and the printing of his name following the filing of a defective nominative certificate, when the defect therein was due to neglect and omissions of the ministerial duties of the officer or officers whose duty it was to issue it and not to any neglect, fault or omissions of the candidate himself. But, whether the printing of the name in the latter case would be rendered illegal because of the defective certificate is not decided, since it is unnecessary to the determination of the case.

FRED M. VINSON, JOHN M. WAUGH, DAVIS M. HOWERTON and WAUGH & HOWERTON for appellant.

CAIN & THOMPSON, M. S. BURNS and CLYDE L. MILLER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

W. S. Boggs regularly filed his nominating papers with the county court clerk of Lawrence county prior to the primary election in August, 1921, as a candidate for the Republican nomination for the office of circuit court clerk of that county. No one else sought the nomination and after the expiration of the time for filing nominating papers he, under the statute, was entitled to a certificate of nomination issued by the county court clerk. Kentucky Statutes, 1550-9. The appellant, H. B. Hewlett, was a candidate for and received the Democratic nomination for the same office and a certificate was duly issued to him. Section 1456, sixth edition Carroll's Statutes, 1922, which is the 1892 statute as amended by chapter 37, page 106, Session Acts 1918, requires nominating certificates for the office involved to be filed with the county court clerk not less than forty-five (45) days immediately preceding the regular election, and in 1921 the last day for filing them was on September 24, the regular election being on November 8. Appellant neglected to file his certificate within the time, which has been held in a number of cases to be mandatory, and his name was not printed on the ballot to be voted at the regular election under the Democratic device as that party's nominee for that office, nor was it printed at any other place on the ballot, but the name of Boggs was printed under the Republican device as that party's nominee for the office. At the regular election there were voted, counted and certified for Boggs between 2,600 and 2,700 votes. Five hundred and fifty-four votes were cast for appellant in the election for the same office by the voters writing his name in the proper blank space under the Democratic device and stamping opposite it. Within the proper time after the regular election he, designating himself as "plaintiff," instituted this proceeding, which he styled a "petition in equity," against the board of election commissioners of Lawrence county, and Boggs, whom he designated as "defendants," seeking to contest the election and to enjoin the board from issuing to Boggs a certificate of election upon the ground, as stated in the petition, "That the said Boggs did not file or offer to file his certificate of nomination with the clerk of the Lawrence county court within the time allowed by law to enable or authorize his name to be placed upon the ballot as the Republican nominee for

said office to be voted for at the general election held on November 8th, for county offices in said county. The plaintiff states that the said defendant, Boggs, produced and tendered to the clerk for filing in his office the said certificate at a time several days later than forty-five days before the said election and the plaintiff charges and alleges that when he did tender and offer to file said certificate the clerk of the Lawrence county court post dated the filing of said certificate and the said clerk filed it as of the last day for filing said certificate in the time allowed by law, to-wit: the forty-fifth day before the said election, when in truth and in fact said certificate was not filed as of the date it appears to have been filed and was in truth and fact filed several days later than forty-five days before the said election.'' It was further averred that the ''county court clerk had no right or authority to place the name of defendant, Boggs, upon the said ballot, and that all the votes received by the defendant, Boggs, amounting to approximately 2,600, were null and void and of no effect because his name was not legally placed on said ballot as a candidate of the Republican party for the same office,'' which last quotation embodies the correct rule of law if the single ground relied on was true. Daniel v. Blankenship, 177 Ky. 726.

The answer contained only a denial of the averments of the petition and upon trial the evidence established without contradiction that the certificate of nomination of the defendant, Boggs, was filed with the county court clerk of the county by and through his agent, an attorney, on September 24, and it was so certified by the clerk on that day. The certificate so filed with the county court clerk was issued by the board of election commissioners instead of by the county court clerk, and it recites that Boggs ''was duly nominated to fill the office of circuit court clerk,'' but it does not state by what political party he was nominated.

When these facts were developed at the trial, and on February 13, 1922, plaintiff, over the objections and exceptions of defendants, filed an amended petition, in the first paragraph of which the newly installed sheriff, as ex-officio member of the board of election commissioners, was substituted in place of his predecessor who was in office at the time of the filing of the contest, and the second paragraph was in these words: ''For further amendment herein the plaintiff, H. B. Hewlett, withdraws such allegations contained in his original petition as re-

fers to the post dating of the alleged certificate of nomination filed in the office of the county court clerk; and to conform with the proof, avers that the defendant, W. S. Boggs, did not file any certificate of nomination in the office of the clerk of the Lawrence county court, as entitled said clerk to place the name of the defendant, Boggs, upon the Republican ticket, as the candidate thereon for the office of the clerk of the Lawrence circuit court, on the ballots that were used in the regular November election (1921), held in Lawrence county, Kentucky, for such office; that in virtue of the failure of the defendant, Boggs, to file such certificate of nomination as permitted and directed the county clerk to place the name of the defendant, Boggs, as the candidate upon the Republican ticket, for the office of circuit court clerk, that the act of the said county clerk, in having the name of the defendant, W. S. Boggs, printed upon the ballot as the candidate, upon the Republican ticket, for said office of circuit court clerk of Lawrence county, was without authority of law, and the name of said defendant, Boggs, was not lawfully placed upon the ballot, and in consequence thereof, all votes received by him were illegal, and should not be counted; and plaintiff having received the majority of the legal votes cast, is entitled to the certificate of election for said office, as set forth in the original petition.'' The amendment was controverted of record and upon submission of the cause the court rendered judgment dismissing the petition, and complaining of it plaintiff or contestant prosecutes this appeal. A number of points are raised and discussed, which, in the estimation of counsel, authorize a reversal of the judgment, but we will refer to only such of them as we deem of sufficient materiality to merit discussion.

It is first insisted, under the grounds relied on in the original petition, that if the certificate of nomination of the defendant, Boggs, was regular and possessed no inherent defect it should have been filed by him in *person* and not by his attorney or agent, but we are cited to no case from any court so holding. There is nothing in our statutes remotely pointing to such a requirement and we can discern no logical reason for it. On the contrary we know from observation and experience that the practice of procuring a representative to file such certificates for and on behalf of the candidate has quite universally prevailed throughout this state since the enactment of the primary election law.

It is next insisted, under the averments of the amended petition, that the certificate of nomination, which was actually issued to the defendant, Boggs, and which was filed with the county court clerk at the time and in the manner stated, was made out and signed by the county board of election commissioners as though he had received his nomination in a primary election, when under the statute, *supra,* it was the duty of the county court clerk to issue it, and for that reason, and the further one that it did not designate the political party whose nominee he claimed to be, it was invalid and the clerk was not authorized to print his name upon the regular ballot, although the certificate was filed with him within the time prescribed by the statute. It is, therefore, urged that his name was illegally printed on the regular ballot and that all votes cast for him were illegal and invalid, and the case of King v. McMahan, 179 Ky. 536, is mainly relied on. But, we are not altogether convinced of the correctness of this contention. We are not prepared to take issue with the doctrine of the King case and others following it where the facts call for its application, but there is a wide difference as we view it between the facts upon which that opinion and others are based and those found in this case. In that case there had been no nomination and the printing of the name of McMahan upon the official ballot under the Democratic device was wholly without semblance or color of authority. In this case it is undisputed that Boggs received in the manner provided by law the Republican nomination for the office he sought and was entitled to have his name printed upon the ballots, and while the certificate which he received evidencing that fact was irregular and it was not issued according to the modes and methods pointed out by the statute, yet the omissions were those of officers in the performance of their ministerial duties and not those of the candidate who had legally received the nomination. It is extremely doubtful if, under such conditions and circumstances, the candidate can be made to suffer or deprived of his right to have his name printed upon the official ballot of the party whose nominee he is be deprived of such right. But, since the judgment must be affirmed for another reason, we have concluded that it is unnecessary to determine that question.

Section 1596a-12 of our statutes prescribes the mode, method and practice for the contesting of general elections to office. The remedy therein provided for this

character of contest is commenced by the filing of a petition by the contestant against the contestee, which must be done within ten days after the final action of the county board of canvassers, which was done in this case; and the petition shall state the grounds of contest relied on "and no other grounds shall afterwards be relied on." We have consistently held in a number of cases that no other or independent ground of contest different from that stated in the petition may be introduced or relied on by contestant in any amendment to his petition, although it is competent to cure or make perfect by amendment an original ground which was defectively stated. Adams v. Roberts, 119 Ky. 364; Weller v. Munninghoff, 155 Ky. 77; Butler v. Robertson, 158 Ky. 101; Clark v. Robinson, 159 Ky. 25; Francis v. Sturgill, 163 Ky. 650; Johnson v. Little, 176 Ky. 505, and Hardy v. Russell, 181 Ky. 287.

Plaintiff insists that this is a contest proceeding, but defendants contend otherwise, because, as they claim, it is styled "petition in equity" when the statute requires the initial pleading to be only a "petition," and because the parties are designated "plaintiff' and "defendant" instead of "contestant" and "contestee;" but these unsubstantial matters will not be allowed to defeat the inherent nature of the proceeding which we hold is to all intents and purposes the statutory remedy for contesting the election. In the original petition it was averred, in effect, that there was a legal certificate of nomination issued to defendant, Boggs, but that he failed to file it with the county court clerk in time to have his name printed on the official ballot. This was the *sole* ground of contest till the filing of the amendment when for the first time it was attempted to be alleged that no certificate had ever been issued or filed with the proper officer. It was altogether a different ground of contest from the one relied on in the original petition, if indeed it was properly alleged, which is doubtful. It will be noted that the amendment expressly abandoned the grounds stated in the original petition, for it "withdraws such allegations contained in his original petition as refer to the post dating of the alleged certificate of nomination," etc. It is then in substance alleged that defendant did not file any certificate of nomination in the office of the county court clerk "as entitled said clerk to place the name of the defendant, Boggs, upon the Republican ticket as the candidate thereon for the office of the clerk of the Lawrence circuit court, on the ballots that were

used in the regular November election (1921)," etc., and as a consequence thereof it was further alleged that the printing of his name upon the ballot "was without authority of law."

We are very much inclined to the opinion that the averments of the amended petition are but expressive of the pleader's conclusion and not the statement of facts sufficient to support that conclusion. But, waiving that point, there can be no doubt but that under the statute providing for this character of contest as construed by the cases, *supra,* the additional ground of contest attempted to be averred in the amended petition cannot be considered; and since the amendment withdrew the original ground, to sustain which there was no evidence to support even without the withdrawal, it necessarily results that the judgment dismissing the petition was proper, and it is therefore affirmed.