## Whitney v. Skinner.

(Decided May 19, 1922.)

### Appeal from Christian Circuit Court.

1. Municipal Corporations—Elections—Printing Name Upon Ballots. —In a city of the third class, organized under the commission form of government, the clerk of the county court is not authorized to cause to be printed upon the ballots to be used, in the municipal election, the name of any one as a candidate, for an elective office of the city, who had not been certified to him as having been nominated, for the office, in the primary election held for the nomination of candidates for the city offices.

2. Municipal Corporations—Elections—Eligibility of Candidates.— In a city of the third class organized under the commission form of government, a nomination in a primary held to name candidates for the city offices, is necessary to make a candidate eligible to hold the office or to be voted for.

3. Municipal Corporations—Elections—Printing Name on Ballots.— In a city of the third class organized under the commission form of government votes cast for any candidate, whose name is not printed upon the ballot, is unauthorized and illegal.

4. Elections—Contest—Printing Name Upon Ballots.—In a contested election under section 1596a-12, Kentucky Statutes, the statutory and constitutional qualifications of a candidate are not the sub-

ject of determination, but under the statutes regulating elections, in a city of the third class, organized under the commission form of government, where the statute provides, that no one shall be voted for who has not previously been nominated in the primary, held for that purpose, and his name certified to the county clerk as a nominee, and publication made of the nominations, a vote for one whose name is not printed upon the ballots for the election is illegal, because unlawfully placed there.

O. H. ANDERSON and J. T. WHITNEY for appellant.

J. C. DUFFY, JAMES BREATHITT and T. G. SKINNER for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT—
Affirming.

This action involved the question of whether the appellant or appellee, or either, was elected to the office of city prosecuting attorney of the city of Hopkinsville, at the regular November election, 1921, for the ensuing term of four years. The circuit court decided that neither was elected, and as a result that the office was vacant. The appellee conceded the judgment of the court to have been correct, but the appellant, being dissatisfied with the decision, has appealed.

Hopkinsville is a city of the third class, and more than one year previous to the election in 1921, had adopted the commission form of government, and had organized under the provisions of the act which controls that form of government in a city of the third class, and had for some time been proceeding under that organization. The act referred to is embraced by section 3480b-1 to section 3480b-29, inclusive, of the Kentucky Statutes, 1922 edition. Ten days before the November election in 1921, the appellee filed a petition of twenty odd voters nominating him for the office with the clerk of the county court, and that official caused his name to be printed upon the ballots to be used in the city election, as a candidate for the office, and provided, also on the ballot, a blank line under the designation of the office with a square opposite, as in ballots used in the general elections. At the election 1,385 electors stamped a cross mark in the square opposite to the printed name of appellee, and 76 electors wrote the name of appellant in the blank line upon the ballots under the designation of the office of city prosecuting attorney, and stamped a cross mark in the square opposte to the written name. The election commissioners

certified the election of appellee, over the protest of appellant, and the latter then brought this action contesting the election of appellee. Appellant alleged that he only had received any legal votes for the office; that the name of appellee was illegally upon the ballots, as a candidate, because he had not been nominated in the primary, provided for by section 3480b-6, on the third Saturday before the day of the regular election, and that his nomination by petitioners, only, ten days before the election did not authorize his name to be printed upon the ballots and hence the votes cast for him were void, according to the principle announced in Parrish v. Powers, 127 Ky. 164; Edwards v. Loy, 24 K. L. R. 545, and King v. McMahan, 179 Ky. 536. While he invoked the provisions of section 3480b-6, Kentucky Statutes, which provides that under the commission form of government, that no one shall be elected to an office without first having been nominated at the primary, held for that purpose, as a reason for the invalidity of the votes cast for appellant, he insisted that its provisions did not apply to him, as he was not a candidate or applicant for the office, within the meaning of that statute. He further insisted that if it should be held that section 3480b-6, *supra,* did not apply to the candidacy of appellee, and that he was entitled to have his name printed upon the ballots, as provided by section 1453, Kentucky Statutes, that the petition for that purpose, and as contemplated in the latter statute, was not filed as much as forty-five days before the election, as provided by section 1456, Kentucky Statutes, and hence it was unlawful to place his name upon the ballots.

These contentions seem to be sound. In Wood v. Deatherage, 185 Ky. 418, it was held that the amendment of 1918 requiring a petition to be filed with the clerk of the county court forty-five days before the election did not apply to candidates for municipal offices, and a filing of fifteen days prior to the election was sufficient to entitle the name to be placed upon the ballots, but in this instance the petition of appellee was filed with the clerk only ten days before the election, and hence the votes counted for him were void. The section of the statute that requires a petition, under section 1453, *supra,* to be filed with the clerk of the county court fifteen days before the election is mandatory, and unless such is done the printing of the name of the applicant upon the ballots is unauthorized. Justice v. Justice, 184 Ky. 130; Brody v. Hook, 121 S. W. 879; Daniels v. Blankenship, 198 S. W.

48; King v. McMahan, 179 Ky. 536. Where the commission form of government has been organized in a town of the third class, the clerk of the county court has no authority to have printed on the ballots, to be used in the city election, any names except those certified to him by the election officers as having been nominated in the primary, wherein candidates may be nominated for the offices on the third Saturday preceding the general election. Hence, under that statute the clerk would be entirely without authority to print the name of any one upon the ballots not nominated at the primary, and the placing of it on the ballots was illegal and unlawful.

The appellee while conceding that he was not legally elected, and that the votes apparently cast for him could not be lawfully counted for him, contends that the appellant not having been nominated at the primary held for the nomination of candidates in the city, under the commission form of government, and his name never having been certified to the county clerk as having been nominated, that the clerk was not authorized to put his name upon the ballots, and that no one was authorized so to do, and hence that any votes cast for the appellant by the elector writing his name upon the ballot and stamping his choice in a square opposite his name was illegal and unauthorized and therefore such a vote was void, and relies for support of his contentions on the provisions of section 3480b-6, *supra,* and Herman v. Lampe, 175. Ky. 109.

One who by a contested election seeks to have himself adjudged elected to an office must show his own election to the office. The fact that his adversary was not elected will not dispense with the necessity of proving his own election to make a recovery, and although he is not able to prove his own election, he may show that his adversary was not elected. Francis v. Sturgill, 163 Ky. 650. The question thus to be decided is whether the seventy-six votes which the appellant received at the election are sufficient to entitle him to recover the office. If these votes were illegal, they could not be counted for him, and hence he would be in the same condition as the appellee, who had 1,385 illegal votes counted for him. The legislature is authorized to prescribe the qualifications of municipal officers, and an individual must possess the prescribed qualifications to be eligible to hold the office—that is he must possess the statutory qualifications and eligibility as relating to statutory or constitutional qualifications, is not a subject strictly for determination in a

contest as to who has been elected to office under section 1596a-12, Kentucky Statutes. Wilson v. Tye, 122 Ky. 508; Nichols v. Pennington, 118 S. W. 382; Adams v. Roberts, 119 Ky. 364; Francis v. Sturgill, *supra*. In the latter case a distinction was, however, drawn between the eligibility required to entitle one to hold an office and the eligibility to entitle one to be voted for or be a candidate for the office. If one has not the constitutional or statutory qualifications to hold an office, such fact would shed no light upon the question whether or not he has been elected, and if such person is inducted into the office, his right to hold it may be inquired into, as provided by chapter XIII, Civil Code. If, however, a person has the statutory or constitutional qualifications to hold an office, and exercise its duties, but, if the votes by which he claims to have been elected may be shown to have been illegally cast, in a contested election, and in that event he will not be elected to the office, and not entitled to be inducted into it. The latter principle is exemplified by the doctrines relating to the instances wherein a clerk places the name of a person upon a ballot, who is nominated by petition, and the petition is not filed within the time designated by statute; or where one having the certificate of nomination by primary fails to file it within the statutory period; or where the name of one is printed upon the ballot, under the emblem of a political party, and apparently a nominee of such party, when in fact and truth he is not a nominee; or where a name is written upon a ballot at the request of an illiterate voter, and the illiterate votes for him by stamping the cross in the square opposite the name, without the illiterate having made oath to the fact of his illiteracy; or where in place of writing the name of one who is not a candidate, and whose name is not printed upon the ballot, a paster with the name thereon is pasted upon the ballot by the voter; or where the name is not printed upon the ballot, but is stamped thereon by a rubber stamp, in place of the manner designated by the statute. Under such circumstances and under such facts, the votes cast for such persons and in such ways have been held to be void. Justice v. Justice, *supra;* Daniel v. Blankenship, *supra;* King v. MacMahan, *supra;* Hall v. Sumner, 194 Ky. 1; Chappell v. Colson, 189 Ky. 102; Major v. Barker, 99 Ky. 305; Allen v. Griffith, 160 Ky. 528; Muncy v. Duff, 194 Ky. 303; Bingham v. Johnson, 193 Ky. 753. There is no want of eligibility, because of lack of statutory or constitutional qualifications except as will hereafter be ad-

verted to, of the appellant to hold the office involved, here, but the question is whether the votes received by him, in the manner and under the circumstances they were cast, were lawfully cast and received so as to entitle them to be counted, and to elect him to the office, and entitle him to receive it, barring the lack of eligibility. To determine this question, it is necessary to advert to the provisions of the statutes which apply to a city of the third class, when it has been organzed under the commission form of government. In Calhoun v. Jett, 192 Ky. 383, it was held that the office of city prosecuting attorney was not abolished in a city of the third class, by its organization under the commission form of government. Hence, its incumbent yet remains an officer of the city, and the board of commissioners, under section 3480b-19, Kentucky Statutes, are authorized to appoint the necessary employees of the city only, and it follows that the election of one to fill the office at the regular time for such officer to be elected, must be by the legal voters of the city. The statutes 3480b-1 to 3480b-29, inclusive, *supra,* provide for the manner in which a city of the third class shall accept the commission form of government, and the manner in which it shall thereafter be conducted. No officers are provided for, except a mayor, two commissioners, a police judge and a prosecuting attorney. All others necessary for the conduct of the government are to be provided by the board of commissioners. The elective officers of the city must be nominated for the several offices to be filled in what is called a primary election to be held on the third Saturday preceding the election. The two persons receiving the highest number of votes for each of the offices to be filled at the following municipal election are nominated as candidates for the offices, severally, and their nominations are certified to the county court clerk by the election officers, and this certificate is the warrant for the clerk of the county court to cause the names of the nominees to be printed upon the ballots to be used at the city election. The ballots used at the primary election, as well as those at the election, must not contain any party designation, emblem, nor anything which would indicate the party affiliation of any candidate, and the officers of the election are forbidden, under a heavy penalty, by word or sign, to indicate to any voter the party affiliations of any candidate. Every citizen who is qualified to vote in a municipal election may vote in the primary and may cast his vote for the individual of his choice, and the

primary thus provides the most ample opportunity for the expression of his wishes by every citizen, of whatever political affiliation, or no affiliations, politically at all. The result of the primary is to eliminate all of the candidates for each office, except the two receiving the highest number of votes, and then at the election following, the voters may express their choice as between the two nominees for any office, and in the case of commissioners there are four nominees, and the voters are entitled at the election to express their choice as between the four nominees. Thus an entirely different system for the nomination and election of officers, is provided by the statutes, regulating the election of officers, when the city is under the commission form of government from the system provided for the nomination and election of all other officers. The purpose is to banish from their selection all political considerations, and to have in view the selection of officers, alone, for their integrity and efficiency. Each citizen who is able to secure the requisite number of fellow-citizens to join with him may nominate any person in the primary for any office he desires. Section 3480b-6, *supra,* provides mandatorily as follows:

"No person shall be elected without first having been nominated in the manner hereinafter prescribed. . . ." Then follows the manner of the primary, and the requirements touching it. It is true, the remaining sections of the statute make no reference to the office of city prosecuting attorney, nor are there any specific requirements as to his election, but, if he is an elective officer and the office is to be filled at the municipal election, the above quotation from the statute which prescribes that no person shall be elected without first having been nominated in the primary must necessarily include the office of city prosecuting attorney. It is not conceivable, that it was intended, that nominations of candidates for it should not be made in the primary provided for all the other elective officers of the city, but, that an incumbent for it was left to be selected at the regular primary for the nomination of county, state and district officers, when the object and purpose of the adoption of the commission form of government was to eradicate all party political considerations in the selection of the officers for the city. In Herman v. Lampe, 175 Ky. 109, it was said that in as much as the General Assembly was empowered to prescribe the qualifications of municipal officers, and had provided that no one under the commission form of gov-

ernment should be elected to an office in such a government, without first having been nominated in the primary provided for that purpose, such nomination was necessary to make one eligible to hold the office. There is no apparent reason why the legislature has not the power to require such qualification. The purpose of the legislation was to enable the voters without any political considerations to select the person whom the majority may esteem best fitted for the office, by due consideration of the respective merits of all otherwise eligibles, resulting from requiring them to run the gauntlet of a previous election, and estimating them by comparison and otherwise. It is not dissimilar to the certificate of fitness with which so many officers are required to arm themselves, and in this instance the statute makes the certification of this certificate of fitness by the primary officers to the county clerk as a condition precedent to the placing of the candidate's name upon the ballot by the clerk, or the casting in any way of votes for him. The persons nominated in the primary are to be certified to the clerk of the county court as candidates whose names are to be printed upon the ballots at the election and no provision is made whereby any others may have their names printed upon the ballots as candidates, or written or printed thereon. by voters or others. The election commissioners are required to cause to be published the names of the nominees. These facts considered in connection with the fact that the statutes prohibit the election of any one who has not been nominated in the primary because ineligible either to hold the office or to being elected therto, leads inevitably to the conclusion that it is not permissible to vote for one whose name is not upon the ballot, because in the absence of the name it is apparent that such person has not been certified to the clerk nor published as a nominee, and for that reason that no person who has not been nominated in the primary and so certified and published, is ineligible to be voted for, and therefore the writing of the name of a candidate on the ballot and voting for him is illegal. The provisions of section 3480b-10, *supra,* which provides that the provisions of the general election law of the state of Kentucky as to the duties of the county clerk and other public officers in the manner of printing and distributing ballots, and in all other particulars, except as otherwise provided in the act providing for elections, where cities of the third class are organized under the commission form of government, are to be applied,

does not affect the conclusion above reached because the provisions of the latter statutes are clearly inconsistent with those governing general elections in the state, and the provisions of the act of 3480b-1 to 3480b-29, inclusive, *supra,* is clearly inconsistent with any laws upon the subject of elections which theretofore governed cities of the third class.

The failure to make a provision upon the ballots to enable voters to vote for one to fill an office, who is ineligible to hold it, or to prohibit the voting for one whose ineligibility to hold the office appears to every voter by the name not being printed upon the ballots as a candidate, can not be said to be an infringement of the right of suffrage or contrary to section 6 of the Constitution, which provides for the freedom and equality of elections.

The judgment is therefore affirmed.