## Maddox, et al. v. City of Middlesboro.

(Decided May 29, 1923.)

### Appeal from Bell Circuit Court.

1. Municipal Corporations—Office of Prosecuting Attorney Not Abolished in Third Class Cities Under Commission Form of Government.—The office of prosecuting attorney has not been abolished in third class cities which have accepted the act providing for commission form of government.

2. Elections—Only Candidates Nominated at Regular Primary are Eligible Under Commission Form of Government.—Under Laws

1914, chapter 92, authorizing third class cities to adopt a commission form of government, a nomination in the city primary provided for is necessary to make a candidate eligible to hold office or to be voted for, so that a petition for mandamus to compel the recognition of plaintiff as prosecuting attorney, which only alleged he was elected by the qualified voters of the city at the regular election, without alleging that he was nominated at the primary, was demurrable.

3. Elections—Candidate for Office Not Nominated at City Primary Voted for Under Commission Government by Writing Name on Ballot, is Not Elected.—A candidate for an office in a city having the commission form of government, who was not nominated at the city primary, is ineligible to be voted for at the regular election, and votes cast for any candidate in such election whose name had not been printed on the ballot are unauthorized and illegal, so that the candidate whose name was written on the ballots by the voters was not elected to the office of city prosecuting attorney.

CHAS. A. WOOD for appellant Maddox.

JAMES M. GILBERT and LEWIS F. DeBUSK for appellant Colson's Administrator.

T. G. ANDERSON for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant Maddox, claiming to be the prosecuting attorney of the city of Middlesboro, brought this action against that city and its officials for a mandamus requiring them to pay him compensation as such prosecuting attorney.

W. G. Colson intervened in the action, claiming also to be such prosecuting attorney, and sought similar relief against the city and its officials.

The city of Middlesboro is a city of the third class, and after the legislative act of 1914 authorizing such action, it by an election accepted the provisions of that act and has since been operating under the commission form of government.

The trial court being of opinion that the act of 1914 abolished the office of prosecuting attorney in such cities operating under the commission form of government, sustained demurrers to the petition of the plaintiff Maddox and the intervening petition of Colson and dismissed both of them. Pending the appeal Colson died, and this appeal is now prosecuted by his personal representative.

We cannot concur in the opinion of the trial court that the office of prosecuting attorney has been abolished in third class cities which have accepted the provisions of the act providing for a commission form of government, for it has twice been held by this court that the act did not abolish such office. Calhoun v. Jett, 192 Ky. 383; Whitney v. Skinner, 194 Ky. 804. Notwithstanding the powerful argument of counsel for the city we are not inclined to overrule those two opinions.

But for other and different reasons we think the judgment of the trial court was proper.

The appellant Maddox only alleges that he was elected prosecuting attorney by the qualified voters of the city "At the regular election held in and for said city in November, 1919." He fails wholly to allege that he was nominated at the primary election prescribed in the act of 1914 for such office, and it was distinctly held by this court in the case of Whitney v. Skinner, that under the provisions of that act in a city of the third class organized thereunder, a nomination in the city primary provided for is necessary to make a candidate eligible to hold the office or to be voted for.

As said by the court in that case, after referring at length to the statute in question:

"No officers are provided for, except a mayor, two commissioners, a police judge and a prosecuting attorney. All others necessary for the conduct of the government are to be provided by the board of commissioners. The elective officers of the city must be nominated for the several offices to be filled in what is called a primary election to be held on the third Saturday preceding the election. The two persons receiving the highest number of votes for each of the offices to be filled at the following municipal election are nominated as candidates for the offices, severally, and their nominations are certified to the county court clerk by the election officers, and this certificate is the warrant for the clerk of the county court to cause the names of the nominees to be printed upon the ballots to be used at the city election."

And again that opinion says:

"It is not conceivable, that it was intended, that nominations of candidates for it should not be made in the primary provided for all the other elective officers of the city, but, that an incumbent for it was left to be selected at the regular primary for the nomination of county,

state and district officers, when the object and purpose of the adoption of the commission form of government was to eradicate all party political considerations in the selection of the officers for the city."

The appellant Maddox, therefore, having failed to allege that he was nominated in the city primary provided for by the act, he was ineligible to election at the succeeding regular election and the demurrer to his petition was, therefore, properly sustained.

As to Colson's administrator, it is alleged in the answer and counterclaim of the city to which a demurrer was filed and overruled, and to which there was no response by Colson, that at the primary held during the year Colson claims to have been elected no nomination was made for that office and no election called for the same; but that Colson, whose name was on the ballot as a candidate for police judge, caused his name to be written in pencil on some ballots by voters as a candidate for prosecuting attorney and that is the election under which he is claiming.

That allegation stands confessed, and it is, therefore, clear that no nomination was made for the office of prosecuting attorney at the city primary held in the year Colson claims to have been elected, and if he was nominated at such a primary it was because a dozen or more persons in number were procured by him to write his name on the ballot as a candidate therefor.

The precise question was presented in the case of Whitney v. Skinner, and it was distinctly held that one who had not been nominated in the city primary provided for in the act is ineligible to be voted for at the regular election; and it was likewise held that votes cast for any candidate in such election whose name had not been printed on the ballot are unauthorized and illegal.

The holding of this court in Whitney v. Skinner is conclusive against the contentions of either of the claimants in this case, and it, therefore, results that while the office of prosecuting attorney in such cities is not abolished, neither of them has shown himself to be entitled to the office or the emoluments thereof.

Judgment affirmed.