## Wells v. Hutcheson.

(Decided November 18, 1924.)

### Appeal from Henderson Circuit Court.

Municipal Corporations—Claimant of Office Must Prevail on Strength of Own Title.—One claiming office of prosecuting attorney in city governed by commission form of government as prescribed in Ky. Stats., section 3480b, must prevail if at all upon strength of his own title, and when not nominated in manner prescribed by subdivision 6, is not entitled to office and cannot enjoin another, though likewise without right, from taking office.

VANCE & HEILBRONNER for appellant.

YEAMAN, PENTECOST & YEAMAN, F. J. PENTECOST and F. M. HUTCHESON for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On August 21, 1920, a petition was filed with the county judge, signed by the requisite number of the legal voters of the city of Henderson, asking for an order of that court directing that an election be held in the city of Henderson for the purpose of submitting to the voters of the city the question whether the city should be governed under the commission form of government as prescribed in section 3480-b, Ky. Statutes. The county judge entered the order; the election was held; the majority of

those voting at the election voted for the commission form of government. The result was regularly certified by the canvassing board to the county clerk and the certificate was spread upon the record of the county and at the next regular meeting of the city council upon the records of the city.

Appellant Wells after this filed his notification and declaration papers for nominee of the Democratic party for city prosecuting attorney at the August primary, 1921, and there being no other candidate was certified by the clerk and placed on the ballot as the Democratic nominee for that office at the general election on November 8, 1921, and there being no other candidate for that office received all the votes cast. The election commissioners canvassed the returns and issued him a certificate of election. Thereafter he qualified and entered upon the performance of the duties of the office of prosecuting attorney. At the November election, 1923, appellee Hutcheson procured his name to be placed upon the ballots as Democratic nominee for the office and received a majority of the votes. On November 7, 1923, appellant Wells instituted this proceeding to obtain an injunction enjoining the canvassing board from issuing a certificate of election to Hutcheson and to enjoin Hutcheson from qualifying as city prosecuting attorney or attempting to take charge of the office. The motion for a preliminary injunction was overruled by the circuit court. Hutcheson received his certificate of election and Wells then amended his petition and alleged that the notice of election when the commission form of government was submitted, was published by the sheriff by two insertions in the newspaper and not in every issue of the paper for two weeks before the election. He sought an injunction restraining Hutcheson from qualifying. The circuit court refused the injunction. He then brought the matter before the judges of this court. On December 3, 1923, the motion was overruled by Chief Justice Sampson, Judges Thomas, Clarke and Robinson sitting with him. On final hearing of the case in the circuit court Wells' petition was dismissed. He appeals.

The regularity of the election as to the commission form of government was before the judges of this court in a previous case from the Henderson circuit court in which that court had refused an injunction restraining

the county clerk from placing on the official ballot certain names at the November election, 1921. The judges of this court, the entire court sitting except Judge Sampson, concurred in refusing the injunction, Judge Settle writing the opinion. It was then held that the statute was substantially complied with. That conclusion is adhered to. It follows that the commission form of government was properly adopted.

It remains to determine whether appellant was duly elected to the office of city prosecuting attorney.

It is provided by section 3480-b, subsection 3, Kentucky Statutes, that when the certificate of election is entered upon the records as therein provided, "thereupon said city shall be organized and governed by the provisions of this act." From this provision it necessarily follows that the city was governed by the provisions of the act after the certificate was thus recorded. Subsection 6 of the act provides that "no person shall be elected without first having been nominated in the manner hereinafter prescribed." Wells was not nominated in the manner prescribed in the act, and this method of nominating the officers is the essential feature of the act. Not having been nominated as provided by the act he was not entitled to the office, and not being entitled to the office he cannot have any remedy in this case, although the appellee is likewise without right to the office. Whitney v. Skinner, 194 Ky. 804.

The court expresses no opinion on appellee's rights, for it is unnecessary to consider these as the appellant, if he recovers at all, must recover upon the strength of his own title.

Judgment affirmed.