## Hirschfeld v. Commonwealth ex rel. Atty. Gen.

(Decided Nov. 15, 1934.)

DANIEL W. DAVIES and THOMAS D. HIRSCHFELD for appellant.

REUSCHER & REUSCHER and BAILEY P. WOOTTON, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Clifton, in Campbell county, Ky., is a city of the fourth class, and at the regular November election in 1933 the appellant and defendant below, Thomas D. Hirschfeld, was elected to serve as its city attorney, for which position he was a candidate. Having received a majority of the votes cast and the certification of the canvassing board to that effect, he took the oath of office, and was installed into the position on January 2, 1934, and continued to serve in that capacity until the rendering of the judgment in this case. On June 26, 1934, the commonwealth, on relation of its Attorney General, the Honorable Bailey P. Wootton, filed this action in the Campbell circuit court against defendant under the provisions of sections 483 and 485 of our Civil Code of Practice, praying that defendant be declared a usurper of the position in which he was serving, and

that he be ousted therefrom upon the ground that, when elected and prior thereto and now, he was a nonresident of the city of Clifton, residing beyond its corporate boundary and in the city of Newport, Ky.

Defendant demurred to the petition, which the court overruled. Plaintiff declined to answer, whereupon the court found the facts as to his nonresidency to be as averred in the petition, and that his election and qualification to the position he was assuming to hold were void, and that he was not entitled to fill it, "and that he be and he is hereby removed from office as such city attorney." From that judgment he prosecutes this appeal, and urges but one ground for reversing the judgment, which is—that the position of city attorney of a city of the fourth class in this commonwealth is not an "office." He admits, and which he was compelled to do, that the procedure against him is regular in every respect and is embraced within the sections of the Code, supra, and was brought as therein prescribed. So that we are confined to the single point relied on, i. e., whether or not the public position from which defendant was ousted by the judgment was or is an office?

Section 3509 of our present Statutes, which is a part of the charter for cities of the fourth class, contains the statutory provisions with reference to the selection of the incumbent and prescribing his qualifications. It is therein designated that he shall hold the place for a fixed term corresponding with that of police judge, and requires that after his election or appointment he shall take the prescribed oath required by law, "which oath shall be conformed to this [city attorney] office." In fixing the term, the statute says: "The city attorney shall hold his office for a term of two years," etc. The section also prescribes, among the qualifications for the place, that the incumbent shall be "a resident of the county for at least six months before his election"; but to the extent that such requirement conflicts with section 234 of the Constitution it is invalid, void, and unenforceable. That section says: "All civil officers for the state at large shall reside within the state, and all district, county, city or town officers shall reside within their respective districts, counties, cities or towns, and shall keep their offices at such places therein as may be required by law."

If, therefore, the position from which defendant

was ousted is an "office," it necessarily follows that, in order to be eligible to fill it, he must be a resident for the prescribed time of the city being served by him. We have seen that the statute creating the place and prescribing for appointment or election thereto designates it as an "office." However, such statutory designation is not conclusive, as was held by us in the recent case of City of Lexington v. Thompson, 250 Ky. 96, 61 S. W. (2d) 1092, 1093. In that opinion we inserted the definition of an office given by the Supreme Court of Montana in the case of State ex rel. v. Hawkins, 79 Mont. 506, 257 P. 411, 53 A. L. R. 583, the second element of which was: "It [the public position] must possess a delegation of a portion of the sovereign power of government, to be exercised [by the incumbent] for the benefit of the public." Later in the opinion, in stating our final conclusion from the cases and authorities therein referred to, we said: "It will be perceived, and which we are convinced is true, that a public service position, in order to be an office, so as to make its incumbent an officer, must be created by the Constitution, or the Legislature or a municipality under authority conferred by the Legislature. It must possess or contain a delegation of a portion of the sovereign power of the government to be exercised by the incumbent for the benefit of the public, and the powers and duties must be defined by the authority creating the position, and must be performed by the incumbent independently and without control of any superior public power or authority other than that contained in the law creating the position."

It is argued by defendant and his associate counsel that element No. 2, supra, is wanting in the position of city attorney from which he was ousted. They cite no relevant authority in support of that contention, nor are we impressed with their own reasoning in arriving at that conclusion. It is one of the sovereign powers of government to enforce the observance of all criminal laws within its jurisdiction, and that power and authority is conferred, at least to a limited degree, upon municipal corporations in this commonwealth, including cities of the fourth class. The provided machinery for that enforcement in such municipalities consists, in the main, of a city or police court, peace or arresting officers denominated policemen, and a prosecuting officer styled as "City Attorney." Furthermore, that officer may be,

and frequently is, vested with the duty of representing the governmental unit he serves in enforcing public civil rights, the same or analogous to the duties of Attorney General for the state, the commonwealth's attorney for circuit courts, and county attorney for a county. It has been declared that such analogous positions are offices within the contemplation of the law with such unbroken unanimity by this and all other courts in the United States, and perhaps elsewhere, as to require the insertion of no case in which it was done. Likewise, with the same unanimity the position of city attorney has been recognized, referred to, and declared to be an office within the meaning of the legal definition contained in the Thompson opinion, supra.

Sections 3311 to and including 3314 of our Statutes provide for the same position in cities of the third class, and in which it is referred to as an "office," and to its incumbent as an "officer," and in the case of Whitney v. Skinner, 194 Ky. 804, 241 S. W. 350, which was a contest over the "office" in the city of Hopkinsville, Ky., being one of that class of cities, the position was referred to and designated as an "office." The prescribed duties of its incumbent for cities of that class are no more comprehensive as to the delegated exercise of sovereign powers of government by the incumbent for the benefit of the public than is done by the statute relating to the same position for cities of the fourth class, which is the one involved here. Long prior to the rendition of the Thompson opinion, supra, we held in the case of City of Louisville v. Wilson, 99 Ky. 598, 36 S. W. 944, 945, 18 Ky. Law Rep. 427, that, "to constitute an officer, it does not seem to be material whether his term be for a period fixed by law, or endure at the will of the creating power. But, if an individual be invested with some portion of the function of the government, to be exercised for the benefit of the public, he is a public officer. Meacham, Pub. Off. sec. 1."

One of the functions of government is the enforcement of its laws, and the particular individual selected by it (either by appointment or election), who is charged with the duty of performing that task for his sovereignty, or the particular portion of it he serves, necessarily comes within the indicated requisite as one of the elements necessary to make his position an "office" within the contemplation of the law, and to render its incumbent amenable to the law as an "officer." Fortify-

378

ing our domestic cases, supra, is that of Wiley v. City of Sparta, reported in 154 Ga. 1, 114 S. E. 45, 25 A. L. R. 1342. On pages 1350, 1351 of 25 A. L. R., 114 S. E. 45, 51, it is stated in that opinion that "an individual who has been appointed or elected in a manner prescribed by law, who has a designation or title given him by law, and who exercises functions concerning the public, assigned to him by the law, is a public officer. * * * Nor does it matter that this duty is confined to narrow limits."

A more extended elaboration or discussion of the involved question is clearly unnecessary. It would, no doubt, furnish the reader more convincing and undoubted conviction of the fallacy of appellant's contention; but what we have already said is amply sufficient, as we conclude, for that purpose, and constitutes what we conceive as a full performance of our task.

Wherefore, for the reasons stated, the judgment is affirmed.