(No. 34585.—

CIRO GULINO, Appellee, *vs.* JOSEPH F. CERNY, Appellant.

*Opinion filed March 20, 1958.*

CHARLES D. SNEWIND, of Chicago, for appellant.

IGNATZ SPITZ, of Chicago, for appellee.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

On April 16, 1957, an election was held for the office of president of the village of Stone Park, in Cook County. The result of the canvass was that Joseph F. Cerny, the nominee of the Progressive party, received 278 votes and Ciro Gulino, a write-in candidate, 244. Gulino filed a petition in the superior court of Cook County to contest the election. Cerny answered, the ballots were recounted, the court found that Gulino received 293 and Cerny 278 votes, and Gulino was declared elected. Cerny appeals. Ill. Rev. Stat. 1957, chap. 46, par. 23—30.

The official ballot contained the name of Joseph F. Cerny as a candidate for president in the column on the left half of the ballot that was captioned "Progressive Party." The names of the candidates of that party for village clerk and village trustees appeared in the same column below Cerny's name. Gulino's name did not appear on the ballot. On the right half of the ballot, opposite Cerny's name, there was a printed line. There were other printed lines on the right half of the ballot, opposite the

names of the candidates of the Progressive party for other village offices.

For two or three weeks preceding the election on April 16, 1957, a vigorous campaign was conducted for Gulino as a write-in candidate. His pictures, with a statement of his candidacy for president of the village, were posted in prominent places in Stone Park, and considerable publicity attended the campaign.

A total of 616 ballots were cast. On the recount, Cerny was credited with 276 and Gulino with 244 votes to which no objection was made. The controversy centered around 85 ballots. Of these, 49 were counted for Gulino, 2 for Cerny and 34 marked for Gulino were not counted for either candidate. The parties have failed to account for 11 ballots.

Cerny concedes that 11 of the 49 ballots were correctly credited to Gulino. On 26 of the 38 remaining ballots the name "Ciro Gulino" or "Gulino," with a square in front of the name and an "X" in the square, was written on or above the printed line opposite the name of Cerny. These ballots were counted for Gulino. Three other ballots containing an "X" in the Progressive party circle, and one with an "X" in a written-in New Stone Park Party circle were also counted for Gulino. On each of them the name "Ciro Gulino" or "Gulino," was written in on the line opposite Cerny's name and with a square enclosing an "X" before Gulino's name. On these 30 ballots, the office, however, was not designated. On the remaining 8 ballots counted for Gulino the name "Ciro Gulino" or "Gulino" was written in, with a circle instead of a square, containing an "X," to the left of the name. Four of these 8 ballots also contained the written-in designation "For President" and two were marked for all the candidates on the Progressive party except Cerny.

Section 11 of article 17 of the Election Code (Ill. Rev. Stat. 1957, chap. 46, par. 17—11,) provides that a voter

shall prepare his ballot by making in the appropriate margin or place a cross (X) opposite the name of the candidate of his choice for each office to be filled, "or by writing in the name of the candidate of his choice in a blank space on said ticket, making a cross (X) opposite thereto." Where the name of a candidate is written in on the ballot, the title of the office must be clearly designated, if there is more than one office on the ballot. (*Kreitz* v. *Behrensmeyer,* 125 Ill. 141, 192; *Page* v. *Kuykendall,* 161 Ill. 319.) Cerny therefore contends that unless the name of the candidate is "written in," an "X" placed in a square in front of his name, and the office intended to be filled clearly indicated, a ballot cannot be counted.

Our examination of the challenged ballots shows that the voters clearly intended to vote for Gulino for president of the village of Stone Park. They voted on the printed line to the right of, and directly opposite and across from, the name of the candidate of the Progressive party for president. There were but two candidates for president, Cerny and Gulino. As the result of an intensive campaign, the voters were aware that Gulino was the write-in candidate for president. They knew that Cerny and Gulino were opponents, and cast their votes for them and for no other candidate for president.

The circumstances attending an election may be considered in ascertaining the voter's intention, or to explain imperfections in the ballots. (*Cray* v. *Davenport,* 333 Ill. 375.) The ballots show the choice of the voters for the candidate for whom they were voting, and also the office. Where the intention of the voter can be clearly ascertained from his ballot, that intention will be effectuated although the ballot is not strictly in conformity with law. (*Griffin* v. *Rausa,* 2 Ill.2d 421; *Kerr* v. *Flewelling,* 235 Ill. 326; *Winn* v. *Blackman,* 229 Ill. 198; *Pierce* v. *People ex rel. Field,* 197 Ill. 432; *Parker* v. *Orr,* 158 Ill. 609; *Behrensmeyer* v. *Kreitz,* 135 Ill. 591.) As observed in *Parker* v.

*Orr,* at page 616, quoting Wigmore on Australian Ballot System, 2d ed., p. 195: "Wherever our statutes do not expressly declare that particular informalities do not avoid the ballot, it would seem best to consider their requirements as directory, only."

The ballots which were voted by writing in the name "Gulino" without any Christian name or initials, and otherwise properly marked, were correctly counted for Gulino, who was the only candidate of that name known to be running for the office of president of the village. (*Cray* v. *Davenport,* 333 Ill. 375.) The Election Code does not expressly declare invalid any of the ballots that were counted for Gulino upon the recount. We agree with the trial judge that the voters' intentions were clear, and that the secrecy of the ballot was not violated even though some of the ballots were not cast in strict accordance with the law.

On eight ballots the name "Ciro Gulino" was written in and an "X" was placed within a circle before or above his name, instead of in a square. The persons who wrote Gulino's name on the printed line opposite Cerny's name should not be disfranchised merely because they encircled their "X" instead of placing it in a square. The manifest intention of the voters who placed a cross in the circle before or above Gulino's name was to vote for him as a "Write-in Party" candidate. Section 17—11 of the Election Code, in authorizing write-in votes, provides for writing in the name of the candidate of the voter's choice "in a blank space on said ticket, making a cross (X) opposite thereto," but does not prescribe that the cross be placed in a square. (Cf. *Tuthill* v. *Rendelman,* 387 Ill. 321.) If an honest intention of the voter can be fairly ascertained from his ballot, the voter will not be disfranchised through inadvertence, mistake or ignorance, provided no mandatory provision of the election Code is violated. *Patterson* v. *Johnston,* 328 Ill. 101.

Cerny's contention that 21 of the 49 ballots credited to Gulino bore distinguishing marks which invalidated them and, therefore, should not have been counted, was waived in the trial court and is not open to consideration in this court. (*Perkins* v. *Bertrand,* 192 Ill. 58, 67.) At the conclusion of the recount, the attorney for Cerny said: "There was only one ballot, I think, in the entire eighty something ballots before Your Honor in which we made any objection as to identification marks. Other than that, that point is not involved in any of these exhibits, so the case cited by counsel with reference to ballots marked with long arrows down the side or otherwise in question in that particular case does not concern us. Further than that, there were no ballots in there where we have objected to the spelling of Mr. Gulino's name or to the fact that the first name was eliminated." Whether the one ballot to which objection may have been made upon the ground of identification marks was properly counted for Gulino is not material.

The judgment of the superior court of Cook County is affirmed.

*Judgment affirmed.*