**R. E. DUPIN et al., Appellants,**

**v.**

**James F. SULLIVAN et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1962.

C. Maxwell Brown, Louisville, for appellants.

Martin J. Duffy Jr., Edward W. Bensinger, James Thornberry, Louisville, for appellees.

PALMORE, Judge.

This is a contest and recount proceeding relating to the November, 1961, election of 5 trustees for the 6th class city of Wellington, comprising a single precinct in Jefferson County. After a hearing on the pleadings and affidavits the circuit court overruled plaintiffs' motion for a summary judgment and sustained defense motions to dismiss.

There is no conflict as to the facts essential to a decision of the case. The 5 appellants were the only persons officially nominated as town trustees in the manner authorized by KRS 118.080, and their names were the only ones listed on the voting machine for those offices. The 5 appellees certified as the winners were write-in candidates. They had attempted to file a nomination petition but it was rejected by the county court clerk as defective. One of them thereupon caused to be printed a supply of handbills or instruction sheets listing their names and addresses, stating their desire to be elected by write-in votes, and explaining by word and diagram how to cast write-in votes for them on the voting machine. This same one of the five stood at the entrance to the polling place throughout the voting hours on election day and gave copies of the handbill to all who would accept them as they arrived to vote.

The names of the 5 unofficial candidates as shown on the handbill, together with the number of write-in votes thereafter counted for them, were: J. L. Branch, 142; H. L. Carpenter, 143; B. D. Leachman, 142; N. A. Rueff, 141; and J. F. Sullivan, 142.

The votes cast for appellants, the officially nominated candidates, were: R. E. Dupin, 111; Joseph L. Gale, 105; R. L. Saxton, 108; Alfred A. Thiele, Sr., 108; and Albert F. Torstrick, 110.

With respect to the counting of the write-in votes there is a serious question in that a number of the voters sufficient to make the difference between winning and losing failed to write out the names as they appeared on

the handbill, but used either one initial **or** none at all. We shall pass up the instances where a single initial or a wrong initial was used, because the case stands or falls on the efficacy of those votes cast without any initials, by last name only. They were: Branch, 53; Carpenter, 55; Leachman, 60; Rueff, 55; and Sullivan, 61.

Appellants say there were other people with the same surnames living in Wellington, hence it cannot be said that these votes were cast for the particular 5 men in question. In the ordinary write-in situation this argument might have much force, but the circumstances of this case make it reasonably clear that the surnames written without initials were intended to designate the appellees. They were the only ones by those names who were active contestants for election, and their candidacies had been well publicized, particularly through the distribution of handbills at the polling place. "The circumstances attending an election may be considered in ascertaining the voter's intention, or to explain imperfections in the ballots." Gulino v. Cerny, 1958, 13 Ill.2d 244, 148 N.E.2d 724, 726.

This case is strikingly similar to Keenan v. Briden, 1922, 45 R.I. 119, 119 A. 138, in which a candidate for mayor found it necessary to solicit write-in votes after he had neglected to file his nomination certificate in time to have his name printed on the ballot. In a contest proceeding it was held that ballots on which his surname alone was written should have been counted in his favor. To the same effect see Cray v. Davenport, 1928, 333 Ill. 375, 164 N.E. 825. Cf. 29 C.J.S. Elections § 180, p. 265; 18 Am. Jur. 311, Elections, § 195.

We find no authority for the contention that because the appellees had failed to secure nomination by petition under KRS 118.080 they were ineligible for election as write-in candidates. In neither Justice v. Justice, 1919, 184 Ky. 130, 211 S.W. 419, nor Hewlett v. Carter, 1922, 194 Ky. 454, 239 S.W. 789, cited by appellants, was the right

to election as a write-in candidate questioned. The right of a candidate to have his name printed on the ballot in a regular election is not to be confused with his right to be elected by write-in votes. KRS 118.080, in providing that a candidate "may be nominated by a petition of electors qualified to vote for him," so that his name may thereafter be shown on the ballot, implies no disqualification for election if he is not so nominated.

The cases of Whitney v. Skinner, 1922, 194 Ky. 804, 241 S.W. 350, and Maddox v. City of Middlesboro, 1923, 199 Ky. 425, 251 S.W. 201, are inapplicable to the inquiry here, because they were decided under a statute that specifically provided against the election of any person who had not been nominated in the manner therein mentioned. Cf. KRS 89.060. Moreover, those opinions are not free of constitutional doubt. Note, for example, the remark in Asher v. Arnett, 1939, 280 Ky. 347, 132 S.W.2d 772, 775, to the effect that the right to vote and be voted for by write-in at a regular election is constitutional.

The complaint alleged that during the election one of the judges distributed write-in election literature and manually assisted several voters in the act of voting. However, the appellants do not seek to invalidate the election, but only to eliminate certain votes, and where that is the object the names of those whose votes are questioned must be alleged unless an entire identifiable class of votes is affected by the irregularity. Napier v. Noblis, Ky.1958, 318 S.W.2d 875; Hodges v. Hodges, Ky. 1958, 314 S.W.2d 208. Certainly it would not be proper to invalidate all of the write-in votes because some of them may have been tainted. Appellants' remedy was to identify the bad votes by naming those who cast them.

Lastly, it was alleged and is repeated in the brief for appellants that the successful candidates did not file the expense statements required by the Corrupt

Practices Act, KRS 123.070. Failure to comply with this statue disqualifies the candidate, KRS 123.090, and is includible as a ground of contest. KRS 122.010. However, except in primary elections (cf. KRS 122.010) the loser does not win. The result is a void election and a vacancy in the office. McKinney v. Barker, 1918, 180 Ky. 526, 203 S.W. 303, L.R.A.1918E, 581. But that is not the remedy for which the appellants sued in this case. They sought only to have themselves declared elected. If that is all the relief sought in an action contesting a regular election, a violation of the Corrupt Practices Act by the contestees is immaterial because it will not sustain the judgment asked.

Judgment affirmed.