**John D. HALES, Joe Sanders, James T. Nanney and Fred Jolley, Appellants,**

**v.**

**Dee LANGFORD et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 14, 1969.

Paul J. Durbin, Hunter B. Whitesell, Fulton, for appellants.

James H. Amberg, Dee L. McNeill, Hickman, for appellees.

PALMORE, Judge.

The question in this case is whether a statutory provision to the effect that no person may be elected as mayor, police judge or commissioner of a city operating under the city manager form of government unless he has been nominated in the primary election provided for such cities is constitutionally valid. We concur in the trial court's judgment that it is.

Fulton is a city of the fourth class operating under the city manager form of government, KRS 89.390 et seq. Pursuant to KRS 89.440 candidates for mayor, police judge and city commissioner must be nominated by a petition signed by 50 or more voters and filed with the county court clerk at least 45 days before the day of

the primary election, which is fixed as the seventh Saturday prior to the day of the regular November election. The primary election eliminates all but two candidates for each office to be filled, and only these survivors are permitted to be named on the ballots or voted for in the November election.

KRS Chapter 118 pertains to the conduct of regular elections. KRS 118.170(2) (a) provides that under the name of each candidate a space must be left for a write-in vote in favor of someone else. However, the provisions of KRS Chapter 118 do not apply to cities operating under the commisson or city manager form of government "except to the extent that the laws relating to such forms of government provide that the regular election laws shall apply, and to the extent that the laws relating to such forms of government do not provide a method of electing any officer contemplated to be elected under those forms of government."

KRS 89.440(1) is the specific target under attack in this proceeding. It says that no person shall be elected to the office of mayor, police judge or city commissioner "without first having been nominated in the manner prescribed by this section." Its effect is to render KRS 118.170(2) (a), which provides for write-in voting, inapplicable. Appellants contend that the right of the electorate to vote for and elect persons other than those named on the printed ballot is guaranteed by Const. § 6, which reads, "All elections shall be free and equal."

Authority for organization of fourth-class cities under the commission form of government originated in Ch. 77, Acts of 1914, Section 6 of which provided: "No person shall be elected without first having been nominated in the manner hereinafter prescribed." Section 6 of Chapter 114, Acts of 1932, authorizing the city manager form of government, contained a similar provision, as follows: "No person shall be elected to said office of mayor or police judge, or commissioner, without first hav-

ing be [sic] nominated in the manner hereinafter prescribed." In the course of time the various enactments covering the city manager form of government in second, third, and fourth class cities have been unified into what appears today in KRS 89.390 to KRS 89.680, inclusive. KRS 89.440(1), the subsection under discussion, applies to cities of these three classes that have adopted the city manager form of government.

The first and foremost monument to be found in the field we are called upon to survey is Whitney v. Skinner, 194 Ky. 804, 241 S.W. 350 (1922), in which this court held categorically that the counterpart of KRS 89.440(1), as it then applied to third-class cities operating under the commission form of government, did not violate the Constitution. One of the parties, Skinner, had succeeded in having his name printed on the November ballot as a candidate for city prosecuting attorney of Hopkinsville, though he had not been nominated as a candidate in the primary. Section 3480b–6, Kentucky Statutes, the applicable statute, provided: "No person shall be elected without first having been nominated in the manner hereinafter prescribed." At the regular election Skinner received 1385 votes stamped opposite his printed name and Whitney, who also had not been nominated in the primary, and whose name did not appear on the printed ballot, received 76 write-in votes. In a contest suit the trial court held that neither Skinner nor Whitney had been elected. Skinner conceded the correctness of the judgment, but Whitney appealed, contending he had been validly elected by the 76 write-in votes despite the statutory prohibition. In affirming the judgment, this court said:

"The elective officers of the city must be nominated for the several offices to be filled in what is called a primary election, * * *.

"In Hermann v. Lampe, 175 Ky. 109, 194 S.W. 122, it was said that, inasmuch as the General Assembly was empowered to prescribe the qualifications of mu-

nicipal officers, and had provided that no one under the commission form of government should be elected to an office in such a government, without first having been nominated in the primary provided for that purpose, such nomination was necessary to make one eligible to hold the office. There is no apparent reason why the Legislature has not the power to require such qualification. * * * The persons nominated in the primary are to be certified to the clerk of the county court as candidates whose names are to be printed upon the ballots at the election, and no provision is made whereby any others may have their names printed upon the ballots as candidates or written or printed thereon by voters or others. * * *

"These facts, considered in connection with the fact that the statutes prohibit the election of any one who has not been nominated in the primary because ineligible either to hold the office or to being elected thereto, leads inevitably to the conclusion that it is not permissible to vote for one whose name is not upon the ballot, because, in the absence of the name, it is apparent that such person has not been certified to the clerk nor published as a nominee, and for that reason that no person who has not been nominated in the primary and so certified and published is eligible to be voted for, and therefore the writing of the name of a candidate on the ballot and voting for him is illegal. * * *

"The failure to make a provision upon the ballots to enable voters to vote for one to fill an office who is ineligible to hold it, or to prohibit the voting for one whose ineligibility to hold the office appears to every voter by the name not being printed upon the ballots as a candidate, cannot be said to be an infringement of the right of suffrage or contrary to section 6 of the Constitution, which provides for the freedom and equality of elections." 241 S.W. at pp. 353–354.

Whitney v. Skinner was followed and cited with approval in Maddox v. City of Middlesboro, 199 Ky. 425, 251 S.W. 201, 202 (1923).

Counsel for appellant recognizes these precedents, but points to an observation in Dupin v. Sullivan, Ky., 355 S.W.2d 676, 678, (1962), that they "are not free of constitutional doubt," and cites Broughton v. Pursifull, 245 Ky. 137, 53 S.W.2d 200, 202–203 (1932), for the proposition that although the legislature may prohibit the name of a person not nominated in the primary from being printed on the ballot, it may not disqualify him from being elected by a write-in vote. See also Asher v. Arnett, 280 Ky. 347, 132 S.W.2d 772, 775 (1939), in which it was said that the right to elect or be elected by write-in vote "is a constitutional right, but the privilege of having one's name printed on the ballot as a candidate for a particular office is necessarily limited to those who comply with the requirements prescribed by the Legislature, having for their object the ascertainment of the will of the electorate within the limits of practicability."

Whatever doubt may otherwise have existed with respect to the soundness of Whitney v. Skinner is resolved by the last sentence of Const. § 160, which reads, "The general assembly shall prescribe the qualifications of all officers of towns and cities, the manner in and causes for which they may be removed from office, and how vacancies in such offices may be filled." Broughton v. Pursifull involved the office of sheriff, and the court was of the opinion that the qualifications set forth in the Constitution were intended to be plenary and exclusive, beyond the power of further limitation or restriction by the legislature: "Hence * * * where the Constitution prescribes who shall be qualified to fill an office created by it, by enumerating certain qualifications that he must possess, there is a clear implication that any one possessing such qualifications may fill the office, and it is then incompetent for the Legislature to prescribe additional disqual-

ifications not recognized by the Constitution, notwithstanding it might be competent to regulate, by statute, nominating primary conventions or elections, to be followed by certain results, not including, however, ineligibility of a defeated candidate in such primary to run, or be voted for the same office at the following general election." 53 S.W.2d at p. 203.

Abiding by Whitney v. Skinner, 194 Ky. 804, 241 S.W. 350 (1922), we hold that the legislature is empowered by Const. § 160 to subject candidates for municipal office to the qualification that they must be nominated in the primary election as provided by KRS 89.440.

The judgment is affirmed.

All concur.